**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

Tyrel Henderson

Plaintiff,

CLAIM OF HARASSMENT IN EMPLOYMENT
UNDER TITLE 7 OF THE CIVIL RIGHTS ACT, as
CODIFIED, 42 U.S.C sec 2000e-2000e 17

V.

Supervisor Keys,  Supervisor Patterson, and Doe
Fund

Defendant(s)

-----------------------------------------------------------------------X

**I.** PARTY

**A.** Name of the Plaintiff: Tyrel Henderson

Address:  41 Lott Avenue, Apt# 1B, Brooklyn, NY 11212

**B.** List all defendants' and the addresses at which each defendant may be served.

Defendant No. 1

The Doe Fund
Nazerine Griffin
Peter Jay sharp Center of Opportunity
89 Porter Avenue
Brooklyn, NY 11237

Defendant No. 2

Supervisor Keys (First Name UNKNOWN)
Peter Jay sharp Center of Opportunity
89 Porter Avenue
Brooklyn, NY 11237

Defendant No. 3

Supervisor Patterson (First Name UNKNOWN)
Peter Jay sharp Center of Opportunity
89 Porter Avenue

Brooklyn, NY 11237

## C. Place of Employment

The address at which Plaintiff was employed: Peter J. Sharp Center for Opportunity, 89 Porter Avenue, Brooklyn, New York 11237.

## II.  STATEMENT OF CLAIM:

### CLAIM OF DISCRIMINATION AGAINST SUPERVISOR
### UNDER TITLE 7/ 42 U.S.C 2000

(1.)   On or around August 2, 2016, Plaintiff, Tyrel Henderson was removed from Brooklyn Bridge Park work site. The stated reason: Plaintiff did not respond to dispatch (walkie-talkie). However, supervisor never brought it to Henderson attention that Plaintiff was not answering his dispatch.

### CLAIM OF HARRASMENT AGAINST SUPERVISOR KEYS
### UNDER TITLE 7/ 42 U.S.C 2000

(2.)   On September 4, 2016, Plaintiff was asked to clean co-workers area, as area Supervisor Keys has done in the past. Henderson questioned as to why he never radio- called the whereabouts of the co-

worker's station that he asked Plaintiff to clean as Defendant, supervisor would regularly announce if he saw an area unmanaged. During the confrontation, supervisor Keys made personal remarks, saying that he was preparing Plaintiff for other employers and that I should perform task above expectation. Plaintiff Henderson informed the overriding supervisor of situation.

## CLAIM OF HARRASMENT AGAINST SUPERVISOR PATTERSON
### UNDER TITLE 7/ 42 U.S.C 2000

(3.)   On September 13, 2016 Plaintiff was harassed by Defendant, Supervisor Patterson for closing work station at 6:25 p.m. Patterson stated that he instructed Plaintiff to start at 6:30 p.m.

## CLAIM OF HARRASMENT AGAINST SUPERVISOR KEYS
### UNDER TITLE 7/ 42 U.S.C 2000

(4.)   On September 18, 2016, Henderson was repeatedly asked by Supervisor Keys to clean co-workers work area.

## CLAIM OF HARRASMENT AGAINST SUPERVISOR PATTERSON
### UNDER TITLE 7/ 42 U.S.C 2000

(5.)   On September20, 2016, Henderson was questioned by Defendant, Supervisor Patterson for being away from work area. Tyrel Henderson stated that he had requested a 15 minute break. It was approved by 2nd area supervisor. Supervisor Patterson phoned co-worker asking if he had approved of Henderson's 15 minute break. The 2nd supervisor confirmed that he had approved.

3

A later incident occurred that day. Defendant, Supervisor Patterson asked, "Why didn't you curb the garbage at stated time." Plaintiff, Tyrel Henderson told him that it was his first time working the assigned route, and that verbal instructions were unclear. After supervisor repeated his instruction, Plaintiff complied and performed job task. Moreover, he stated that he didn't want Plaintiff around him and that his schedule would be modified. He complained about Plaintiff work performance. Plaintiff question why there was never a misbehavior report written in regards to my work performance. There was no response.

## ACTS OF HARRASMENT

POINT (a.) Defendants created a hostile and intolerable work environment. Supervisors used intimidation and controlling methods in carrying out their management.

POINT (b.)  Plaintiff received unfavorable and harsh treatment whenever he spoke of working issues because Henderson was wrongfully removed from work location(s). Plaintiff was never formally notified of negative work behavior. See paragraph A and E.

POINT (c.)  Defendant Keys and Patterson created intolerable working conditions because their instructions were drilling and grounding. Henderson was instructed to clean area without proper cleaning instruments.

POINT (d.)  Defendants made personal remarks that they were drilling Plaintiff and giving extra job functions to perform because defendant's made claim that they were prepping Henderson for other employees.

In conclusion, the circumstances in paragraph 1-5 caused an intolerable working place and mental anguish. Defendants were undiplomatic and demeaning in carrying out their supervisorial duties.

4

**III. Exhaustion of Federal Administrative Remedies**

**A.**  Plaintiff filed a charge with the Equal Employment Opportunity Commission on 9/24/2016.

**B.**  The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which Tyrel Henderson received on 12/29/16.

**IV.  Relief**

Plaintiff is requesting $15,000 in punitive damage.

I declare under penalty of perjury that on (date) , I severed the annexed CIVIL COMPLAINT upon the United States District Court of the Eastern District of New York by depositing in a postal/official depository under the exclusive care and custody of the United States Postal Service, within the state of New York.

Signed this _3_ day of _JAN_ 20 _17_. I declare under the penalty of perjury that the foregoing is true and correct.

Signature

Tyrel Henderson
41 Lott Avenue, Apt# 1B
Brooklyn, New York 11212

5